UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS MCCLISH,
EDMUND HOLMBERG,

      Plaintiffs,

v.                                              Case No. 8:04-cv-2723-T-24TGW

RICHARD B. NUGENT,
*Sheriff of Hernando County,
in his official capacity*,
SHAWN TERRY,
*Deputy, individually*,
CHRISTOPHER CALDERONE,
*Deputy, individually, or in their
supervisory capacity*,

      Defendants.
_____/

## **ORDER**

      This cause comes before the Court on remand from the Eleventh Circuit Court of Appeals. In this 42 U.S.C. § 1983 case, Plaintiffs Douglas McClish and Edmund Holmberg have sued Hernando County Sheriff Richard Nugent, Deputy Shawn Terry, and Deputy Christopher Calderone for violations of their civil rights that allegedly occurred during their arrests on October 13, 2001.

**I.**      **Background**

      In Count I of their Amended Complaint, McClish and Holmberg sued Sheriff Nugent for state law false arrest and battery. (Doc. No. 19.) In Count II, McClish sued Deputy Terry in his individual capacity for malicious prosecution under state law. Count III contained McClish's § 1983 claims against Deputy Terry in his individual capacity for unreasonable warrantless arrest

under the Fourth Amendment, harassment, arrest without probable cause, and causing his prosecution upon knowingly false testimony in the preparation of the arrest affidavit. Finally, in Count IV, Holmberg brought a § 1983 claim against Deputies Terry and Calderone alleging harassment, arrest without probable cause, and knowingly using false testimony in the preparation of the arrest affidavit.

On January 20, 2006, this Court entered summary judgment in favor of Deputies Calderone and Terry on Counts II, III, and IV and dismissed without prejudice Plaintiffs' state law claims against Sheriff Nugent in Count I. Plaintiffs appealed the entry of summary judgment on Counts III and IV and the dismissal of the state law claims in Count I.[1]

On April 11, 2007, the Eleventh Circuit affirmed in part and reversed in part. Specifically, the appellate court affirmed the entry of summary judgment on McClish's § 1983 claim contained in Count III on qualified immunity grounds. The court, however, reversed the determination that Holmberg's § 1983 wrongful arrest claim in Count IV was barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and remanded the claim with instructions to consider whether probable cause existed to arrest Holmberg, and if so, whether it would vitiate Holmberg's claims. The court also reversed the dismissal without prejudice of McClish's and Holmberg's state law claims against Sheriff Nugent in Count I. Accordingly, the issues before the Court on remand are Counts I and IV only.

Defendants have now renewed their summary judgment motion as to Counts I and IV.[2]

---

[1] Plaintiffs did not appeal the entry of summary judgment on Count II–McClish's state law malicious prosecution claim–, and it is no longer before the Court.

[2] The Court permitted Defendants to renew their summary judgment motion, concluding that it would assist the Court in considering whether probable cause existed and that Plaintiffs

(Doc. No. 62.) McClish and Holmberg oppose the entry of summary judgment, arguing that there are genuine issues of material fact as to whether there was probable cause to arrest them (Doc. No. 71.)

The facts of this case, viewed in the light most favorable to McClish and Holmberg, have been recited both by this Court in its summary judgment order and by the Eleventh Circuit on appeal. Accordingly, the Court need not restate them for a third time. For purposes of ruling on the renewed summary judgment motion, the Court adopts and incorporates the recitation of the facts from those orders.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court "view[s] the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve[s] all reasonable doubts about the facts in favor of the non-movant." *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004).

**II.     Discussion**

    **A.     Count IV**

Count IV consists of Holmberg's § 1983 claim against Deputies Calderone and Terry for harassment, arrest without probable cause, and the knowing use of false testimony in the preparation of his arrest affidavit.[3]

---

would not be prejudiced by the renewed motion. (Doc. No. 73.)

   [3]Holmberg has not separately argued that harassment, or the knowing use of false testimony in the preparation of an arrest affidavit, formed a basis for his § 1983 claim. Therefore, the Court deems those arguments to be abandoned and construes Holmberg's claim

Defendants argue that they had actual probable cause to arrest Holmberg, based on Deputy Terry's investigation, for the offense of stalking and arguable probable cause to arrest him for the offense of aggravated stalking. Furthermore, they contend that the probable cause (or arguable probable cause) they possessed to arrest Holmberg for either stalking or aggravated stalking was sufficient to arrest him for resisting an officer without violence (the only offense he was arrested for) and therefore vitiates his § 1983 claim.

In response, Holmberg concedes that probable cause to arrest for any criminal offense, even an uncharged offense, would defeat his § 1983 claim. However, he disputes that Defendants had probable cause (or arguable probable cause) to arrest him for either a stalking charge or the charge for resisting an officer without violence. Holmberg argues that the evidence Defendants rely on relates solely to McClish's conduct and not his own, that neither McClish's deposition testimony nor his own testimony can support a probable cause determination made at the time of the arrest, and that the written statements obtained from the Padzurs conflict with other information Deputy Terry obtained during his investigation, thereby casting doubt on the Padzurs' credibility and the thoroughness of Deputy Terry's investigation.

"A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim." *Kingsland*, 382 F.3d at 1226. "The existence of probable cause at the time of arrest, however, constitutes an absolute bar to a section 1983 action for false arrest." *Id.* "Probable cause to arrest exists when an arrest is objectively reasonable based on the totality of the circumstances." *Id.* "This standard is met when the facts and circumstances

---

simply as a § 1983 claim based on arrest without probable cause. Furthermore, there is no evidence before the Court to support a claim based on harassment or the knowing use of false testimony.

within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (quoting *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998)).

An arrest without probable cause is unconstitutional; however, officers who make such an arrest "are entitled to qualified immunity if there was arguable probable cause for the arrest." *Id.* at 1232. Arguable probable cause–a lower standard than actual probable cause–"exists if, under all of the facts and circumstances, an officer reasonably could–not necessarily would–have believed that probable cause was present." *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004). Under this standard, the plaintiff "must demonstrate that no reasonable officer could have found probable cause under the totality of the circumstances." *Kingsland*, 382 F.3d at 1233.

### 1. Deputy Terry[4]

To the extent that the Eleventh Circuit reversed the Court's entry of summary judgment as to Deputy Terry, the Court again concludes that summary judgment on Holmberg's § 1983 claim is appropriate for two reasons. First, Deputy Terry is entitled to qualified immunity. As previously explained in the Court's summary judgment order, it is undisputed that it was Deputy

---

[4] It is unclear to the Court whether the Eleventh Circuit reversed the entry of summary judgment as to Deputy Terry on Holmberg's § 1983 claim. The Eleventh Circuit stated in its opinion that summary judgment was reversed "for Deputies Terry and Calderone on the grounds that Holmberg's § 1983 claim was *Heck*-barred." This Court, however, did not grant summary judgment as to Deputy Terry based on *Heck*, but rather on the grounds that Deputy Terry was entitled to qualified immunity. The Eleventh Circuit did not separately analyze the summary judgment entered for Deputy Terry based on qualified immunity. Therefore, the Court assumes that this determination remains undisturbed and the Court need not reconsider it on remand.

Calderone–not Deputy Terry–who arrested Holmberg, and Holmberg does not dispute that Deputy Terry did not have the authority to order another deputy to make an arrest. Therefore, since Deputy Terry did not arrest Holmberg and had no authority to order Deputy Calderone to arrest Holmberg, he is entitled to qualified immunity.

Second, to the extent that Deputy Terry participated in the arrest of Holmberg, Deputy Terry had probable cause to make the arrest based on the information he obtained through his investigation. The initial complaint that caused Deputy Terry to report to the Padzurs' property on October 13, 2001 involved the Padzurs' accusations against Holmberg. They complained that Holmberg had been screaming profanities at them across the line separating the two properties. The complaint did not involve McClish.

Deputy Terry later obtained written statements from the Padzurs in which they described a litany of abuse they allegedly suffered at the hands of both Holmberg and McClish. Setting aside the allegations that were lodged against McClish alone, the Padzurs made numerous allegations against Holmberg that would cause a reasonable officer to conclude that Holmberg had committed the offense of stalking. For example, Bryon Padzur stated that on separate occasions over several months, "Ed Holmberg began yelling that he was going to kill me for stealing the property from them," that Holmberg "said he was going to shoot my entire family," that Holmberg "was running up and down the fence line shooting a rifle in to the air;" that "Ed [Holmberg] began yelling he was going to kill me and the fucking kids" and that "my wife is a lying fuck bitch;" that "Ed [Holmberg] was yelling he was going to shoot me;" that "Ed [Holmberg] was yelling at me your fucking wife is a liar and a thief." Ayralynne Padzur stated that Holmberg (and McClish) "would put speakers out on [their] property and tape my brother on

his dirt bike and would play it for hours at night and during the day." Michael Padzur stated that Holmberg said to him, "come here and I will beat your ass you fucking faget; come here fucker," that Holmberg "started running up and down the fence in his golf cart yelling fagots, white trash, assholes, fuckers, and gayfers," and that Holmberg "is the guy that I usually fear the most because he is the one that has the worst attitude." These are just some of the allegations the Padzurs made against Holmberg. Considering all of these facts, there is sufficient evidence in the record for the Court to determine that probable cause existed to arrest Holmberg, and Deputy Terry is entitled to summary judgment in his favor.[5]

Furthermore, the fact that Holmberg was arrested for resisting an officer without violence, rather than stalking or aggravated stalking, does not invalidate the arrest or create a factual issue for trial. Probable cause acts as an absolute bar to a § 1983 claim based on any offense, "even if it is not the offense (or even closely related to the offense) identified by the arresting officers." *See Magee v. City of Daphnee*, No. 05-0633, 2006 U.S. Dist. LEXIS 93183, at *42, n.23 (S.D. Ala. Dec. 20, 2006) (citing *Devenpeck v. Alford*, 543 U.S. 146, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004) (rejecting the notion that an arrest is unlawful if the offense for which there is probable cause to arrest is not "closely related" to the offense identified by the arresting

---

[5]Although the Court finds that there was probable cause to arrest Holmberg, the Court adds that, even if there was not actual probable cause, Defendants undoubtedly had arguable probable cause, which is "all that is required for qualified immunity to be applicable to an arresting officer." *Scarbrough v. Myles*, 245 F.3d 1299, 1302 (11th Cir. 2001). "Arguable probable cause does not require an arresting officer to prove every element of a crime or to obtain a confession before making an arrest, which would negate the concept of probable cause and transform arresting officers into prosecutors." *Id.* at 1302-03. Here, there is no question that a reasonable officer in the same circumstances and possessing the same knowledge as Defendants could have believed that Holmberg violated the law by stalking his neighbors. As such, Defendants would be entitled to qualified immunity.

7

officer)); *Lee v. Ferraro*, 284 F.3d 1188, 1195-96 (11th Cir. 2002) (ruling that, for purposes of the probable cause inquiry, it is irrelevant whether the arresting officer cited the correct offense because "neither [the officer's] subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest"). Therefore, the probable cause that existed to arrest Holmberg for stalking was sufficient to bar his § 1983 claim based on his arrest for resisting an officer without violence.

### 2.     Deputy Calderone

To the extent that Holmberg has separately sued Deputy Calderone under § 1983, the Court concludes that he, too, is entitled to summary judgment because probable cause existed to arrest Holmberg. The undisputed record reflects that Deputy Calderone accompanied Deputy Terry when he returned to arrest McClish for aggravated stalking. Deputy Calderone was informed that his assistance was needed "since earlier that day, [McClish] and his roommate, Edmond Holmberg, had become hostile and were screaming profanities in the direction of the officer." (Calderone aff. at ¶ 6.)

It appears from the record that Deputy Terry had not informed Deputy Calderone of the results of his investigation and Deputy Calderone was not informed of the basis for probable cause to arrest Holmberg when the arrest was made. However, these facts would not invalidate the arrest. To determine whether probable cause existed, the Court evaluates all facts within the collective knowledge of all the officers, not just the officers making the arrest. For that reason, information obtained by Deputy Terry regarding the Padzurs' allegations must be considered, even if Deputy Calderone was not expressly aware of it at the time of the arrest. *See Magee*, No. 05-0633, 2006 U.S. Dist. LEXIS 93183, at *42. It is well established that "[w]here there is at

least minimal communication between different officers, the collective knowledge of the officers determines probable cause." *United States v. Allison*, 953 F.2d 1346, 1350 (11th Cir. 1992); *see also Wilson v. Attaway*, 757 F.2d 1227, 1235 (11th Cir. 1985) (ruling that probable cause to arrest turns on "facts and circumstances within the collective knowledge of the law enforcement officials, of which they had reasonably trustworthy information") (citation and quotation omitted).

### B.     Count I

Count I consists of McClish's and Holmberg's state law false arrest and battery claims against Sheriff Nugent. Pursuant to 28 U.S.C. § 1367(c)(3), this Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." Having determined that summary judgment is appropriate as to Holmberg's § 1983 claim against Deputies Terry and Calderone contained in County IV, the Court again declines to exercise supplemental jurisdiction over the state law claims contained in Count I.  Count I is dismissed without prejudice.

### IV.    Conclusion

For the reasons stated, Defendants' Renewed Motion for Summary Judgment is granted as to Count IV of the Amended Complaint. The Clerk is directed to enter judgment in favor of Deputies Terry and Calderone on Count IV. The state law claims against Sheriff Nugent in Count I are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The Clerk is directed to close this case and to terminate any pending motions.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of January, 2008.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record